1   Jay Earl Smith, Esq.
    Nevada Bar No. 1182
2   Joseph T. Prete, Esq.
    Nevada Bar No. 9654
3   Katie M. Weber, Esq.
    Nevada Bar No. 11736
4   SMITH LARSEN & WIXOM
5   1935 Village Center Circle
    Las Vegas, Nevada 89134
6   Tel:  (702) 252-5002
7   Fax: (702) 252-5006
    Email: jes@slwlaw.com
8          jtp@slwlaw.com
           kw@slwlaw.com
9   Attorneys for Defendants
    Deutsche Bank National Trust Company, as Trustee;
10  JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities
11  of Washington Mutual Bank, F.A. from the FDIC acting as receiver
    (improperly named as Long Beach Mortgage Company);
12  California Reconveyance Company; MERSCORP. Inc.;
    and Mortgage Electronic Registration Systems, Inc.
13
14
15
16                      UNITED STATED DISTRICT COURT
17                         DISTRICT OF NEVADA
18  CHARLES ANDERSON, an individual,        )
19                                          )
                      Plaintiff,            )   CASE NO.    2:10-cv-01443-JCM-PAL
20                                          )
    v.                                      )
21                                          )
22  DEUTSCHE BANK NATIONAL TR CO;           )
    LONG BEACH MORTGAGE COMPANY;            )   **MOTION TO DISMISS COMPLAINT AS**
23  CALIFORNIA RECONVEYANCE                 )   **AGAINST ALL NAMED DEFENDANTS**
    COMPANY; MERSCORP, INC. a Virginia      )   **AND TO EXPUNGE LIS PENDENS**
24  Corporation; MORTGAGE ELECTRONIC        )
    SYSTEMS, INC. subsidiary of MERSCORP;   )
25  Inc., a Delaware corporation; AND DOES 1 )
    individuals to 100, Inclusive; and ROES )
26  Corporations 1 to 30, Inclusive; and all other )
    persons and entities unknown claiming any )
27  right, title, estate, lien or interest in the real )
28

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

1  property, described in the Complaint adverse to )
2  Plaintiff's ownership, or any cloud upon           )
   Plaintiff's title thereto,                         )
3                                                      )
                        Defendants                     )
4  _____ )

5

6        Defendants Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank");

7  JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual

8  Bank, F.A. ("WAMU") from the FDIC acting as receiver (and improperly named as Long Beach

9  Mortgage Company, an organization that dissolved into WAMU) ("JPMCB"); California

10 Reconveyance Company ("CRC"); MERSCORP, Inc. ("MERSCORP"); and Mortgage Electronic

11 Registration Systems, Inc. (incorrectly named as Mortgage Electronic Systems, Inc.) ("MERS")

12 (collectively, the "Defendants"), by and through their counsel, hereby move the Court to dismiss

13 Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief

14 can be granted ("Motion to Dismiss").  Defendants further move to expunge the lis pendens that

15 Plaintiff has recorded against the property that is the subject of this action ("Motion to Expunge").

16 . . .

17 . . .

18 . . .

19 . . .

20 . . .

21 . . .

22 . . .

23 . . .

24 . . .

25 . . .

26 . . .

27 . . .

28

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

The Motion to Dismiss and Motion to Expunge are supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, the record herein, and any argument that may be presented at any hearing hereon.

DATED this ___|___ day of September, 2010.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq., NBN 1182
Joseph T. Prete, Esq., NBN 9654
Katie M. Weber, Esq., NBN 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the FDIC acting as receiver (improperly named as Long Beach Mortgage Company); California Reconveyance Company; MERSCORP. Inc.; and Mortgage Electronic Registration Systems, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit is nothing more than an improper attempt to relitigate claims and allegations that have already been considered and rejected by this Court. Plaintiff's Complaint asserts the following claims for relief: (1) violations of unfair lending practices; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit fraud and conversion; (5) conspiracy to commit fraud related to MERS system; (6) inspection and accounting; (7) unjust enrichment; (8) quiet title; (9) breach of the covenant of good faith and fair dealing; (10) injunctive relief; (11) declaratory relief; and (12) rescission. None of these claims has any merit. Moreover, the Court need not consider this case as a new matter on the merits (or lack thereof) because the Complaint is barred by the doctrine of

. . .

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

preclusion and is improperly commenced.  In short, Plaintiff's Complaint is wholly unsustainable and should be dismissed with prejudice.

## II. FACTUAL ALLEGATIONS

1.       On or about February 9, 2006, Plaintiff obtained a loan ("Loan") through Defendant Long Beach Mortgage Company ("Long Beach") in the amount of $452,000, which was secured by a deed of trust ("Deed of Trust") on property located at 6145 Laredo Street, Las Vegas, NV 89146, parcel no. 163-11-507-004 (the "Property").  (Cmpt. ¶¶ 10, 2, 14 (the second 2 and 14).) (A true copy of Plaintiff's Deed of Trust is attached hereto as Exhibit A.[1])

2.       The Loan and Deed of Trust are allegedly unenforceable, cannot be foreclosed on, and/or should be rescinded because: (1) they were separated; (2) they were paid off and extinguished by defendants' receipt of federal bailout money [under the Troubled Asset Relief Program ("TARP")]; (3) they are predatory and part of a MERS conspiracy; (4) Plaintiff should not have been approved for the Loan because he could not afford it and it was doomed to fail; (5) the terms of the Loan and Deed of Trust were misrepresented, and not fully explained, to Plaintiff; (6) Defendants have no rights to enforce the terms of the Loan and Deed of Trust, or to foreclose on the Property; (7) Defendants breached their contractual obligations to Plaintiff under the Loan by failing to negotiate in good faith the possibility of a loan modification under the Home Affordable Modification Program ("HAMP"), and by failing to participate in Nevada's foreclosure mediation program; and (8) it is not in the public's interest to enforce the Loan.  (Cmpt. ¶¶ 5, 7, 9-12 (the second 5, 7, 9-12), 16-17, 20-23, 29-30, 37, 45, 51, 56-59, 124.)

---

[1]

Consideration of the content of the public records cited herein and the attached documents does not transform this 12(b)(6) motion into a motion for summary judgment.  When ruling on a motion to dismiss, courts may consider public records and exhibits that are specifically referred to or relied on in the Complaint, or necessary for an understanding of the Complaint.  *See, e.g., Anderson v. County of Nassau*, 297 F. Supp. 2d 540, 544-45 (E.D.N.Y. 2004); *In re Bayside Prison Litig.*, 190 F. Supp. 2d 755, 760 (D. N.J. 2002).  Courts may also take judicial notice of public records.  *See* Fed. R. Evid. 201.

Smith Larsen & Wixom
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

3.      An unspecified defendant did not furnish to Plaintiff certain documents required under 12 U.S.C. § 2605(a). (*Id.*, ¶ 40.)

4.      Plaintiff stopped making payments on the Loan. (*Id.*, ¶ 25.)

5.      Defendants have improperly foreclosed on the Property, and the recording of the notice of default constitutes libel of title[2] against the Property. (*Id.*, ¶ 97.)

6.      Efforts by defendants and other non-parties to evict Plaintiff from the Property constitute harassment.[3] (*Id.*, ¶ 26.)

7.      Defendants engaged in conspiracy by working in concert with each other to fraudulently induce Plaintiff to execute a predatory loan for which Plaintiff did not qualify, and which named MERS as a beneficiary. (*Id.*, ¶¶ 51, 56, 58-59, 65-77.)

8.      Defendants were unjustly enriched by receiving monies from insurance proceeds and secondary investment markets following Plaintiff's default, which should have been passed on to Plaintiff, and Plaintiff is entitled to an accounting of these monies. (*Id.*, ¶¶ 81-85, 90-92.)

9.      Defendants violated the covenant of good faith and fair dealing by not negotiating a HAMP modification in good faith, not providing loan documents that were requested by Plaintiff, and not participating in Nevada's foreclosure mediation program. (*Id.*, ¶¶ 101-102.)

---

[2]

This conclusory statement is the only time Plaintiff raised the issue of slander of title. The allegation fails because, at best, it is based on the same specious allegations that are dispelled herein. Further, a claim for slander of title requires a false and malicious communication published to third parties, which is disparaging to one's title in land and causes special damages. *Higgins v. Higgins*, 103 Nev. 443, 445, 744 P.2d 530, 531 (1987). Plaintiff's Complaint fails to allege any such communication or third party reliance. Thus, Plaintiff's libel/slander of title allegation must be rejected.

[3]

Plaintiff's harassment allegation is wholly conclusory and must be rejected. For instance, it fails to allege that Plaintiff is a member of a  protected class or that he was discriminated against because of his membership in that class. The harassment allegation is also unsustainable because there is nothing improper about pursuing an eviction action against a former owner of real property who refuses to vacate the premises.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

10. Plaintiff is entitled to injunctive relief to enjoin foreclosure and/or eviction proceedings, and sale of the Property, because the Property is unique to Plaintiff and Plaintiff is likely to prevail on the merits of his Complaint. (*Id.*, ¶¶ 113-115.)

11. Plaintiff is entitled to a declaratory judgment finding that non-party Bank of America continues to violate truth in lending laws and that defendants have committed and continue to commit unfair lending practices. (*Id.*, ¶¶ 119-120, 123.)

## III. STANDARD ON MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint, and authorizes the dismissal of a complaint when there has been a failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must be pled in such a fashion as to show a plaintiff's entitlement to relief. This "requires more than labels and conclusions, and a formulaic recitation of [a cause of action's elements] will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S., 544, 555 (2007). Factual allegations must be enough to raise a claim above the speculative level, and bald contentions, unsupported characterizations and legal conclusions will not suffice to defeat a motion to dismiss. *Id.*; *see also G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1261 (D. Nev. 2006).

It is now clear that *Twombly* "governs the pleading standard in all civil actions and proceedings in the United States District Courts." *Ashcroft v. Iqbal,* 192 S.Ct. 1937, 1953 (2009). Without question, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

A dismissal under Rule 12(b)(6) may be based on the lack of sufficient facts alleged under cognizable legal theories. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Further, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Nor will they assume that Plaintiff can prove facts or violations that have not been alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Finally, to the extent there is any putative claim for fraud, Rule 9(b) requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Plaintiff's Complaint is improper because it is barred by the doctrine of preclusion. Furthermore, Plaintiff has failed to assert facts sufficient to give rise to any cognizable legal claim against any of the Defendants. Accordingly, the Complaint should be dismissed with prejudice in its entirety.

## IV. ARGUMENT

### A. Plaintiff's Complaint Is Procedurally Improper and Must Be Dismissed

#### (1) The Original Lawsuit Has Been Dismissed and the Appeal Period Has Expired

In September of 2009, Plaintiff filed a complaint ("Original Lawsuit") against Deutsche Bank, Long Beach Mortgage Company, and others, alleging misconduct related to the Loan, Deed of Trust and Property at issue in the instant action. (A true copy of the Complaint filed in the Original Lawsuit is attached hereto as Exhibit B.) The Complaint asserted claims for quiet title,

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX. (702) 252-5006

violations of the Truth in Lending Act ("TILA"), wrongful foreclosure, and rescission of the trustee's sale.[4]

On January 27, 2010, Deutsche Bank filed a motion for judgment on the pleadings, seeking dismissal of the Original Lawsuit with prejudice. (A copy of the motion for judgment is attached hereto as Exhibit C.) After considering the pleadings, the Honorable Judge Robert C. Jones of this Court granted Deutsche Bank's motion for judgment, determining: (1) Plaintiff had failed to state a legally cognizable claim for relief; (2) the remaining defendants had been dismissed due to lack of service of process; and (3) the case shall be designated as closed. (A copy of the Order of dismissal (and docket entry related thereto) is attached as Exhibit D.) The ten-page Order of dismissal was served upon the parties, including Plaintiff, on April 1, 2010. (*Id.*)

Upon being noticed of the adverse ruling, Anderson took no further action in the Original Lawsuit. He failed to file a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) and the 28 day period to do so has long passed. Likewise, he failed to appeal the Court's order to the Ninth Circuit "within 30 days after the judgment or order appealed from [was] entered." *See* FRAP 4(a)(1)(A).

Instead, three and a half months later, without challenging or appealing the Order of dismissal in the Original Lawsuit, Anderson filed this procedurally defective action in state court in a clear attempt to relitigate the same claims and allegations that this Court unequivocally rejected in the Original Lawsuit. The claims are over, and they cannot be relitigated here. Thus, this Complaint

---

[4]

Months earlier, in February of 2009, the Property had been sold at a trustee's sale. Following the trustee's sale, Deutsche Bank commenced an action in the Las Vegas Justice Court to evict Plaintiff from the Property. However, before the eviction was effectuated, Plaintiff filed the Original Complaint, apparently in an attempt to stave off eviction and maintain his "rent-free" possession of the Property. Concurrent with initiating the Original Lawsuit, Plaintiff filed a petition to remove the eviction action to Federal Court, and the eviction action was assigned the case number 2:09-cv-01771. (Incidentally, the eviction action was initially assigned to Your Honor, James C. Mahan.) These two actions were later consolidated before Judge Robert C. Jones as case number 2:09-cv-01769.

SMITH LARSEN & WIXOM

ATTORNEYS

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

should be dismissed with prejudice.

<u>(2) The Complaint Is Barred By the Doctrine of Res Judicata</u>

This lawsuit is barred by the doctrine of claim preclusion (also known as res judicata) and should be dismissed with prejudice. In *Five Star Capital Corp. v. Ruby*, 124 Nev. Adv. Op. No 88, 194 P.3d 709, 713 (Oct. 30, 2008), the Nevada Supreme Court set forth the following three factors to consider in applying the doctrine of claim preclusion:

> (1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.

(*Id.*)  The Court then explained:

> These three factors, in varying language, are used by the majority of state and federal courts.  This test maintains the well-established principle that **claim preclusion applies to all grounds of recovery that were or could have been brought in the first case.**

(*Id.*, emphasis added).

The first of the three prongs is satisfied because this lawsuit was filed against Deutsche Bank and Long Beach Mortgage Company, two of the defendants in the Original Lawsuit. (*See* Exhibit B.)

The second prong is satisfied because, on or about April 1, 2010, Judge Jones dismissed the Original Lawsuit and designated the action as closed.  Notice of the Order of dismissal was served on all parties on or about April 1, 2010.

Finally, the third prong is satisfied because this lawsuit is based on the same claims as were asserted, or which could have been asserted, in the Original Lawsuit.  Specifically, Plaintiff's allegations in this lawsuit and the Original Lawsuit relate to Plaintiff's grievances related to his unsuccessful mortgage Loan. These matters were dismissed in the Original Lawsuit, and this Second

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Lawsuit – which relates to the same transactions and occurrences regarding the Loan, Deed of Trust and Property at issue in the Original Lawsuit – is barred by the doctrine of preclusion.

Moreover, to the extent Plaintiff has raised additional "claims" in this lawsuit that were not raised in the Original Lawsuit, such "claims" could and/or should have been raised in the Original Lawsuit and are therefore also barred by the doctrine of claim preclusion. *Fire Star Capital Corp.*, 194 P.3d at 713. As the Court stated in *Five Star Capital Corp.*, "This is the exact type of case for which claim preclusion is necessary-to prevent a party from continually filing additional lawsuits until it obtains the outcome it desires by merely asserting an additional claim for relief." *Id.* at 716. In short, this lawsuit must be dismissed because it is barred by the doctrine of claim preclusion.

### B. Plaintiff's Complaint Is Substantively Unsustainable and Must Be Dismissed

While this action must be dismissed because it is barred by the doctrine of preclusion, it is also unsustainable because none of the claims for relief asserted in this action is sustainable.

### (1) Plaintiff's Unfair Lending Practices Claim Is Unsustainable

Plaintiff's unfair lending practices claim is based on the allegation that Defendants improperly furnished the Loan to Plaintiff without evaluating through "commercially reasonable means or mechanism" Plaintiff's ability to repay the Loan.   (Cmpt. ¶ 30.)   This claim is unsustainable.

First, even if the allegation had some semblance of truth (which Defendants deny), a claim under this statute is unsustainable.  At the time Plaintiff's loan was originated, NRS 598D.100 (the statute Plaintiff relies on) was substantially different and **did not apply to residential home loans.**[5]

---

[5]

At the time of origination of the subject loan, NRS 598D.100 provided, in pertinent part:

> It is an unfair lending practice for a lender to ... (b) knowingly or intentionally make a ***home loan*** to a borrower **based solely upon the equity of the borrower in the home property** and without determining that the borrower has the ability to repay the home loan.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Moreover, the "commercially reasonable" standard was **not** even in effect at the time of the Loan Transaction. *Goodwin v. Executive Trustee Servs., LLC*, 2010 WL 234786, at *6 (D. Nev. Jan. 8, 2010); *see also* Exhibit D.  There is a presumption against retroactive application of legislation and Plaintiff cannot present any evidence to rebut the presumption. *See Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994); *Scott v. Boos*, 215 F.3d 940, 943 (9th Cir. 2000).

Moreover, any claim under this statute is barred by the applicable statute of limitations because Plaintiff filed his Complaint more than four years after the Loan was originated. *See* NRS 11.190(4).

For the foregoing reasons, Plaintiff's unfair lending practices claim is legally unsustainable and must be dismissed.

<u>(2) Plaintiff's Deceptive Trade Practices Claim Is Unsustainable</u>

Plaintiff's deceptive trade practices claim is based on the allegation that an unspecified defendant did not furnish to Plaintiff certain documents required under 12 U.S.C. § 2605(a).  This claim is unsustainable for several reasons.

First, Plaintiff's claim is unsustainable because it is barred by the applicable statutes of limitation.  Specifically, 12 U.S.C. § 2605(a) is a provision under the Real Estate Settlement Procedures Act which is governed by a three-year statute of limitations. *See* 12 U.S.C. § 2614.  The statute of limitations for a claim under the Deceptive Trade Practices Act ("DTPA") is four years. *See* NRS 11.190(2)(d).  Because Plaintiff filed this action more than four years after origination of the subject Loan, his deceptive trade practices claim is statutorily barred and must be dismissed.

(*See* Legislative History Documents, attached hereto as Exhibit E, emphasis added.) In 2006, the term "home loan," as used in NRS 598D, referred to mortgages under Section 152 of the Home Ownership and Equity Protection Act of 1994. (*Id.*) HOEPA encompasses a limited class of high-cost closed-end mortgages "other than a residential mortgage transaction." *See* 15 U.S.C. § 1602(aa).  Because the subject Loan was a residential mortgage transaction, it does not fall under NRS 598D's definition of "home loan" and is therefore not protected by Nevada's unfair lending practices statute.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Plaintiff's claim is also unsustainable because it is vague and conclusory and fails to identify any specific provision of the DTPA that was allegedly violated. Plaintiff's vague and conclusory allegations are insufficient to give rise to a viable DTPA claim. *See Iqbal*, 192 S.Ct. at 1953; *Sprewell*, 231 F.3d at 527-28.

Finally, Plaintiff's claim is also unsustainable because it sounds in fraud, and Plaintiff has not pled fraud with the requisite particularity, as required by Fed.R.Civ.P. 9(b). Nor has Plaintiff specified the precise time, place, and content of the alleged misrepresentations, or the names of the parties involved. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *Brown v. Kellar*, 97 Nev. 582, 583, 636 P.2d 874, 874 (1981); Fed.R.Civ.P. 9(b).

For each of the foregoing reasons, Plaintiff's deceptive trade practices claim is unsustainable and must be dismissed with prejudice.

### (3) Plaintiff's Wrongful Foreclosure Claim Is Unsustainable

As set forth above, this lawsuit is unsustainable because it is barred by the doctrine of preclusion. This is particularly true with respect to Plaintiff's new wrongful foreclosure claim. One of the four delineated claims for relief in the Original Complaint was a claim for wrongful foreclosure. (*See* Exhibit B.) The Court's Order of dismissal flatly rejects Plaintiff's wrongful foreclosure claim, and the allegations in support thereof, and Plaintiff cannot now reassert the same claim that was rejected by this Court, in a separate action. (*See* Exhibit C, pp. 7-8.) For this reason alone, Plaintiff's new wrongful foreclosure claim must be dismissed. It is noteworthy, however, that it is unsustainable for other reasons as well.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

### *(a) Plaintiff's Wrongful Foreclosure Claim Is Unsustainable Because Plaintiff Failed To Make Required Payments under the Loan Documents*

Plaintiff's wrongful foreclosure action is unsustainable because Plaintiff has failed to meet the threshold pleading standard for wrongful foreclosure under Nevada law.  A wrongful foreclosure action can only exist:

> *if* the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, *no breach of condition or failure of performance existed* on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

*Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) (emphasis added); *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, at *5 (D. Nev. Jan. 22, 2009). The key issue in such a claim is "whether the trustor was in default when the power of sale was exercised."  *Collins*, 99 Nev. at 304, 662 P.2d at 523.  Here, there can be no viable wrongful foreclosure claim because it is undisputed that Plaintiff defaulted on his Loan obligations.

Plaintiff's wrongful foreclosure action is also unsustainable because Plaintiff does not allege an attempt to tender the full amount owed on the Loan or to cure his default.  This is fatal to Plaintiff's claims.  *See, e.g., Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 577 (1984). Absent an alleged and actual tender, the Complaint in its entirety fails to state a claim for relief. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971).  For the foregoing reasons, Plaintiff's complaint for wrongful foreclosure should be dismissed.

### *(b) Plaintiff's Wrongful Foreclosure Claim Should Also Be Dismissed Because Nonjudicial Foreclosure Is Proper under the Loan Documents and Pursuant to Nevada* Law

The wrongful foreclosure claim should be dismissed with prejudice for the reasons stated above.  However, it is noteworthy that foreclosure on the Property was valid and proper under the terms of the loan documents and pursuant to Nevada law.

The provisions of NRS Chapter 107 provide the comprehensive statutory framework governing nonjudicial foreclosure sales. In Nevada, the instrument most commonly used to secure a promissory note for a real property loan is a deed of trust. The deed of trust gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid. NRS 107.020; 107.080; *see also St. Angelo v. Victoria Farms, Inc.*, 38 F.3d 1525, 1534 (9th Cir. 1994). Upon the default of the borrower and a failure to cure, nonjudicial foreclosure is proper. NRS 107.080.

Here, Plaintiff acknowledges that he entered into the loan transaction consisting of a Note and Deed of Trust. (Cmpt. ¶¶ 10, 2, 14 (the second 2 and 14); *see also* Exhibit A.) The loan documents provide for foreclosure of the Property when the borrower defaults and fails to cure his default, as has occurred here. (*See, e.g.,* Exhibit A, ¶ 22.) It is undisputed that Plaintiff defaulted on the Loan and he has not alleged that he cured his default or that he entered into any modification or forbearance agreement. Nor has he asserted any sustainable allegation to establish a failure to substantially comply with the provisions of NRS 107.080.[6] Thus, foreclosure on the Property is justified under the circumstances, and the Complaint should be dismissed.

### (c) Plaintiff's Wrongful Foreclosure Claim Must Be Dismissed Because None of His Wrongful Foreclosure Allegations Is Sustainable

Plaintiff's wrongful foreclosure claim appears to be based on the following eight allegations: (1) the Loan and Deed of Trust were separated; (2) the Loan was paid off and extinguished by defendants' receipt of federal bailout money [under the Troubled Asset Relief Program ("TARP")];

---

[6] To the extent any of Plaintiff's wrongful foreclosure allegations, discussed below, has any merit, the alleged error was at most harmless and inconsequential, and did not affect Plaintiff's rights. Here, Plaintiff does not dispute the fact that he defaulted on the loan or that foreclosure was authorized under the circumstances pursuant to the Deed of Trust and Nevada law. All of his arguments focus on perceived but unfounded technicalities that in no way prejudice Plaintiff. Minor procedural errors, such as the ones Plaintiff alleges here, do not void foreclosure sales. *See* NRS 107.080(5)(a); *Mortgage Elec. Registration Sys., Inc. v. Goduto*, 955 A.2d 544, 550 (Conn. App. 2008) (in foreclosure proceedings, court looks "primarily to the actual notice received rather than asking whether there has been a punctilious adherence to formality").

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

(3) the Loan is predatory and part of a MERS conspiracy; (4) Plaintiff should not have been approved for the Loan because he could not afford it and it was doomed to fail; (5) the terms of the Loan and Deed of Trust were misrepresented, and not fully explained, to Plaintiff; (6) Defendants have no rights to enforce the terms of the Loan and Deed of Trust, or to foreclose on the Property; (7) Defendants breached their contractual obligations to Plaintiff under the Loan by failing to negotiate in good faith the possibility of a loan modification under the Home Affordable Modification Program ("HAMP"), and by failing to participate in Nevada's foreclosure mediation program; and (8) it is not in the public's interest to enforce the Loan.  (Cmpt. ¶¶ 5, 7, 9-12 (the second 5, 7, 9-12), 16-17, 20-23, 29-30, 37, 45, 51, 56-59, 124.)  None of these allegations can sustain a claim here.

Plaintiff's first allegation is unsustainable because Plaintiff's contention that the Note and Deed of Trust are separated is nothing more than conjecture, and would not support a cognizable claim in any event.  *See Iqbal*, 192 S.Ct. at 1953; *Sprewell*, 231 F.3d at 527-28.  Moreover, by operation of law, the deed of trust (the security) is deemed to follow the note.  *See, e.g., Rodney v. Ariz. Bank*, 172 Ariz. 221, 836 P.2d 434, 436 (Ariz. App. 1992).

Plaintiff's second allegation is unsustainable because Plaintiff's contention that his Loan was paid off by TARP funds is wholly unsupported; at best, he is an incidental beneficiary of TARP, and possesses no private right of action under TARP against lenders.[7]

Plaintiff's third allegation about the MERS system is discussed separately and dispelled below.

---

[7]

*Santos v. Countrywide Home Loans*, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1185 (N.D. Cal. 2009).; *Gonzalez v. First Franklin Loan Services*, 2010 WL 144862 (E.D. Cal. Jan. 11, 2010); *Regions Bank v. Homes by Williamscraft, Inc.*, 2009 WL 3753585 (N.D. Ga. Nov. 6, 2009); *Wachovia Bank, N.A. v. Lone Pine, Inc.*, 2010 WL 2553880 (N.D.Ga. June 15, 2010).

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Plaintiff's fourth allegation is unsustainable because it is vague and conclusory and improperly attempts to shift responsibility from himself to defendants, when he is the one who applied for and executed the subject Loan. Moreover, as noted above, Plaintiff's allegations about the propriety of the Loan are unsustainable.

Plaintiff's fifth allegation is unsustainable because loan disclosures are governed by the Truth in Lending Act, which is subject to a three-year statute of limitations. As the Court stated in its Order of dismissal in the Original Lawsuit, "Plaintiff's [TILA] claims are barred by the three-year statute of limitations on these types of claims." (*See* Exhibit D, p. 6.)

Plaintiff's sixth allegation is unsustainable because it is well established that beneficiaries (and their successors and assignees), trustees, and loan servicers have authority to pursue nonjudicial foreclosure.[8]

Plaintiff's seventh allegation is unsustainable because there is no provision under the Loan mandating that a borrower be considered for a loan modification, nor is there any private right of action for alleged misconduct under HAMP. *See generally* Exhibit A; *see also Benito v. Indymac Mortgage Services*, 2010 WL 2130648 (D. Nev. May 21, 2010). Moreover, the Property was sold at a trustee's sale in February, 2009, months before Nevada's foreclosure mediation program came into effect (July 1, 2009). See NRS 107.086, reviser's note. Thus, Plaintiff's seventh allegation must be rejected.

---

[8] *See generally* NRS 107.080; *see also Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) (a servicer is a party in interest in proceedings involving loans which it services); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (mortgage servicer is authorized to enforce mortgage; "[a]n action may not necessarily be brought in the name of the person who ultimately will benefit from the recovery, but rather by the person who is entitled to enforce the right"); *Fairbanks Capital Corp. v. Nagel*, 735 N.Y.S.2d 13, 14-15 (N.Y. App. Div. 2001) (servicer has authority to foreclosure based on delegation of authority under the deed of trust); *see also* Exhibit A.

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL (702) 252-5002 • FAX (702) 252-5006

Finally, Plaintiff's eighth allegation that enforcement of the Loan contravenes public policy is unsustainable because it is wholly conclusory and contrary to fundamental principles of contract law. *See Iqbal*, 192 S.Ct. at 1953; *Sprewell*, 231 F.3d at 527-28.   In short, none of Plaintiff's wrongful foreclosure allegations has any merit, and the wrongful foreclosure claim must be dismissed.

For each of the foregoing reasons, Plaintiff's wrongful foreclosure claim is wholly unsustainable and must be dismissed with prejudice.

<u>(4) Plaintiff's Conspiracy Claims Are Unsustainable</u>

Plaintiff's conspiracy claims are based on the allegation that Defendants worked in concert with each other to: (1)  fraudulently induce Plaintiff to execute a predatory loan for which Plaintiff did not qualify and which named MERS as a beneficiary; and (2) convert Plaintiff's property (money). (Cmpt. ¶¶ 51, 56, 58-59, 65-77.)  Plaintiff's conspiracy claims are unsustainable.

To establish civil conspiracy, a plaintiff must prove a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the primary purpose of causing injury to another. *See, e.g., Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1988).  Plaintiff cannot establish any of these elements.

First, Plaintiff cannot establish any unlawful conduct by any of the Defendants, and the conspiracy claims therefore necessarily fail.[9]  To the extent the conspiracy claims are based on allegations of fraudulent inducement, they fail, among other reasons, because the fraudulent

---

[9]

*See Jordan v. Nevada*, 121 Nev. 44, 75, 110 P. 3d 30, 51 (Nev. 2005); *Grisham v. Philip Morris USA*, 403 F.3d 631, 635 (9th Cir. 2000) (claim for conspiracy fails if underlying cause of action fails).  "[W]ithout an underlying tort, there can be no cause of action for a conspiracy to commit the tort." *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 215, 984 P.2d 164, 165 (1999).; *see also GES, Inv. v. Corbitt*, 117 Nev. 265, 21 P.3d 11, 14-15 (2001); *Rashidi v. Albright*, 818 F. Supp. 1354, 1360 (D. Nev. 1993)

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

inducement allegation is not alleged with the requisite degree of specificity,[10] and because a fraudulent inducement claim only lies where there is a fiduciary duty between the plaintiff and defendant(s). It is well established that there is no fiduciary duty between borrowers and lenders. *See, e.g.*, *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 (D. Nev. Oct. 26, 2009); *Weingartner v. Chase Home Fin.*, LLC, 2010 WL 1006708, at *9 (D. Nev. 2010).

With respect to the MERS allegation, overwhelming case law has held that there is nothing unlawful about loan documents naming MERS as a beneficiary or nominee beneficiary.[11]

To the extent the conspiracy claim is based on allegations of conversion, it is equally unsustainable. Conversion is a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or right therein or in derogation, exclusion, or defiance of such title or rights. *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000). To the extent the conspiracy claim is based on allegations of conversion, it fails because Plaintiff has failed to demonstrate any of these elements. Moreover, the claim also fails because it miscomprehends Plaintiff's rights and obligations under the Loan. Plaintiff did not own the right to be paid under the promissory note. By his own allegations, he was the maker of the promissory note, not the payee or a subsequent endorsee. As to Plaintiff, the promissory note represented an obligation, not property or a right, and it is legally impossible for any action with respect to the

---

[10]

*See* Fed.R.Civ.P. 9(b); *see also Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Sufficient particularity "calls for the complaint to specify the manner in which a defendant joined the conspiracy and how he participated in it." *Arroyo*, 591 F. Supp. at 144. Plaintiff has failed to assert a conspiracy claim with the requisite specificity and his conspiracy claims must be dismissed.

[11]

*See Orzoff v. MERS*, 2009 WL 4643229, at *6 (D. Nev. Mar. 26, 2009); *Croce v. Trinity Mortgage Assurance Corp.*, 2009 WL 3172119 (D. Nev. Sept. 28, 2009); *Elias v. HomeQ Servicing*, 2009 WL 481270, at *2 (D. Nev. Feb. 25, 2009); *Ciardi v. Lending Co.*, 2010 WL 1079735, at *2-3 (D. Ariz., May 24, 2010); *Cervantes et al. v. Countrywide Home Loans, Inc. et al.*, 2009 WL 315718-, at *10 (D. Ariz. Spt. 24, 2009).

promissory note to constitute conversion of anything owned by Plaintiff. *See, e.g., Bukhari v. Direct Mortgage Corp.*, 2:10-cv-00373-GMN-LRL (June 16, 2010, Navarro, J.)

The conspiracy claims also fail because Plaintiff cannot establish any agreement between Defendants to intentionally engage in conduct for the primary purpose of harming Plaintiff. Nor has Plaintiff alleged the role of any defendant in the purported conspiracy.

In short, Plaintiff has not alleged and cannot establish the necessary elements of a conspiracy claim, and his conspiracy claims must be dismissed.

### (5) Plaintiff's Inspection and Accounting Claim Is Unsustainable

Plaintiff's inspection and accounting claim is based on the allegation that he is entitled to an accounting regarding insurance proceeds and secondary investment proceedings that Defendants purportedly received following Plaintiff's default. Plaintiff's claim is wholly unsustainable.

First, the claim fails because such a claim must be "tethered to relevant actionable claims." *Simon v. Bank of Am., N.A.*, 2010 WL 2609436, at *11 (D. Nev. June 23, 2010) (citations omitted). As stated throughout this Motion, Plaintiff has not presented any actionable claims upon which a claim for accounting could lie.

Plaintiff's accounting claim also fails because a claim for accounting requires that there be a fiduciary or trust relationship between the parties. *Id.* As a matter of law, there is no such relationship between a lender and a borrower. *See id.* at *12; *see also Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 (D. Nev. Oct. 26, 2009); *Weingartner v. Chase Home Fin.*, LLC, 2010 WL 1006708, at *9 (D. Nev. 2010).

Third, the accounting claim fails because Plaintiff has not presented, and cannot present, any authority to support his contention that he is entitled to an accounting regarding insurance proceeds and secondary investment proceeds, if any, received by Defendants.

SMITH LARSEN & WIXOM
ATTORNEYS
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

Finally, the accounting claim should be dismissed because it is, at best, disingenuous for Plaintiff to request an accounting of monies owed to him, when he is the one who admittedly failed to meet his payment obligations on the subject Loan.  (*See* Cmplt., ¶¶ 81-85.)

For each of the foregoing reasons, Plaintiff's accounting claim must be dismissed.

<u>(6) Plaintiff's Unjust Enrichment Claim Is Unsustainable</u>

Plaintiff's unjust enrichment claim is unsustainable because it appears to be based on the same general allegations underlying Plaintiff's accounting claim, which are dispelled above.  The unjust enrichment claim is unsustainable for other reasons as well.

For instance, there can be no unjust enrichment claim where there is an existing contract as here (*i.e.*, the subject Loan). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 113 Nev. 747, 942 P.2d 182 (1997).

Second, the unjust enrichment claim should be dismissed because Plaintiff has not provided, and cannot provide, any evidence to support his bald assertion that he is entitled to receive proceeds from any insurance policy or secondary market investment that may have been received by Defendants.

The unjust enrichment claim should also be dismissed because unjust enrichment is an equitable claim, and by defaulting on the Loan Plaintiff has failed to do equity, and is therefore precluded from seeking equitable relief. *See, e.g.*, *Nolm, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004); *Overhead Door Co. of Reno, Inc. v. Overhead Door Corp.*, 103 Nev. 126, 127-28, 734 P.2d 1233, 1235 (1987); *In re Bernard,* 96 F.3d 1279, 1283 (9th Cir. 1996).

For the foregoing reasons, Plaintiff's unjust enrichment claim is unsustainable and should be dismissed with prejudice.

SMITH LARSEN & WIXOM

A T T O R N E Y S

HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

### (7) Plaintiff's Quiet Title Claim Is Unsustainable

Plaintiff's quiet title claim must be dismissed for each of the reasons it was dismissed in the Original Complaint. (*See* Exhibit D, pp. 5-6.) It should also be dismissed because, as noted above, this repeat claim is barred by the doctrine of preclusion.

To establish a right to quiet title, Plaintiff has the burden of demonstrating good and clear title to the Property. *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 669, 918 P.2d 314, 318 (1996). In so doing, he must overcome the presumption in favor of the record titleholder. He has not done so and he cannot do so. *Id.* The simple fact of the matter is that Plaintiff's interest in the Property was, at best, conditional and encumbered – subject to repayment of the subject Loan he obtained to purchase the Property – and any such right has been extinguished by virtue of a valid and proper foreclosure (trustee's) sale. Plaintiff has not alleged anything to show that he possesses any interest in the Property whatsoever, let alone an unencumbered interest in the Property. Accordingly, his quiet title action must be dismissed.

It should also be dismissed because Plaintiff has not provided, and cannot provide, this Court with "any cogent argument, legal analysis, or supporting factual allegations" to justify a quiet title determination in favor of Plaintiff. *Browning v. State*, 120 Nev. 347, 361, 91 P.3d 39, 50 (2004).

It should also be dismissed because in quiet title actions such as this one, the party seeking title must tender the undisputed amount due and owing to challenge the validity of the trustee's sale. *See, e.g.*, *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). Plaintiff has failed to tender the amount due and owing.

The quiet title claim should also be dismissed because a quiet title action is an equitable proceeding and, by defaulting on the Loan, and failing to cure his default, Plaintiff has failed to do equity, and is therefore precluded from seeking equitable relief. *See, e.g.*, *Nolm, LLC*, 120 Nev. at

SMITH LARSEN & WIXOM

A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

1    743; *Overhead Door Co. of Reno, Inc*, 103 Nev. at 127-28; *In re Bernard*, 96 F.3d at 1283.

2        For each of the foregoing reasons, Plaintiff's quiet title action must be dismissed.

3                 (8) Plaintiff's Breach of the Covenant of Good Faith
4                    and Fair Dealing Claim Is Unsustainable

5        Plaintiff's breach of the covenant of good faith and fair dealing claim is based on the

6    following three allegations: (1) defendants failed to negotiate a HAMP modification in good faith;

7    (2) defendants failed to participate in Nevada's foreclosure mediation program; and (3) defendants

8    failed to furnish loan documents that were requested by Plaintiff. Plaintiff's claim is without merit

9    and must be dismissed.

10        First, Plaintiff's claim is unsustainable because none of the allegations undergirding the claim

11   has any merit. As noted above, there is no private right of action to assert misconduct related to

12   HAMP and the Nevada foreclosure mediation program was not implemented until after the subject

13   Property was sold at a trustee's sale. (*See* pp. 14-16 *supra*.) Finally, the third allegation must be

14   rejected because it is vague and conclusory and Plaintiff fails to specifically allege any document

15   request that was made or any document that was requested and improperly denied. *See Iqbal*, 192

16   S.Ct. at 1953; *Sprewell*, 231 F.3d at 527-28.

17        Plaintiff's claim is also unsustainable because Plaintiff has not presented, and cannot present,

18   evidence that any of the Defendants countervened the intention and spirit of the subject Loan. *See*

19   *Morris v. Bank of Am. Nevada*, 110 Nev. 1274, 886 P.2d 454 (1994). It is axiomatic that the

20   covenant of good faith and fair dealing cannot contradict the plain language of the contract from

21   which it stems. *See, e.g.*, *Storek & Storek, Inc. v. Citicorp. Real Estate, Inc.*, 100 Cal. App. 4th 44,

22   64 (2002).

23        In short, Plaintiff's breach of the covenant of good faith and fair dealing is wholly unfounded

24   and must be dismissed.

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

### (9) Plaintiff's Injunctive Relief Claim Is Unsustainable

Plaintiff seeks injunctive relief to enjoin eviction proceedings.  His injunctive relief claim is unsustainable for several reasons.

First, it is well established that injunctive relief does not state a claim for relief because it is a remedy, not an independent cause of action.  *See, e.g., Alandia v. U.S. Bank, N.A.*, 2009 WL 4611442, at *3 (D. Nev. Dec. 1, 2009); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).

Second, it is also unsustainable because, as set forth herein, Plaintiff cannot demonstrate a reasonable probability of success on the merits of any of his claims.  *Number One Rent-A-Car v. Ramada Inns, Inc.*, 94 Nev. 779, 780-81, 587 P.2d 1329, 1330 (1978); *Dep't of Conservation & Natural Resources, Division of Water Resources v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762 (2005).

Third, it is unsustainable because, by defaulting on the subject Loan and failing to cure his default, Plaintiff has failed to do equity and is thereby precluded from seeking injunctive (equitable) relief.  *See, e.g., Nolm, LLC*, 120 Nev. at 743; *Overhead Door Co. of Reno, Inc*, 103 Nev. at 127-28; *In re Bernard*, 96 F.3d at 1283.

Fourth, it is also unsustainable because it would be grossly inequitable to preserve the status quo, where Plaintiff benefits from possession of the Property for free, to the detriment of Defendants, when the rightful owner of the Property, since the trustee's sale in February of 2009, has been defendant Deutsche Bank.

Finally, the injunctive relief claim is unsustainable because injunctive relief is only available on posting of a security bond, and Plaintiff has failed to post any security bond, let alone one that would protect Defendants against a wrongful injunction.  *See* Fed.R.Civ.P. 65(c).

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006

In short, Plaintiffs' injunctive relief claim is unsustainable for multiple reasons, and should be dismissed with prejudice.

### (10) Plaintiff's Declaratory Relief Claim Is Unsustainable

Plaintiff's declaratory relief claim seeks a declaratory judgment finding that non-party Bank of America continues to violate truth in lending laws and that defendants are committing unfair lending practices. This claim is unsustainable for several reasons.

First, it is well established that declaratory relief is an equitable remedy, not an independent cause of action. *See Hearne v. Countrywide Home Loans, Inc.*, 2010 WL 1815424 at *5 (D. Nev. Apr. 30, 2010); *GTE MotilNet of Cal. Ltd. Partnership v. City & County of San Francisco*, 2006 WL 294796 (N.D. Cal. Feb. 7, 2006).

Second, the declaratory relief claim is neither necessary nor proper, as it relates to the same rights and obligations disputed in Plaintiff's other claims for relief. Dismissal of a petition for declaratory relief is proper when the petition is duplicative and adds nothing to what would be implicit or express in a final judgment on the other claims. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 212 S.W.3d 683, 697 (Tex. App. 2006); *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002). "The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 470 (1968). Plaintiff's claim for declaratory relief raises the same issues as are raised in Plaintiff's other claims, which are all dispelled herein. Accordingly, Plaintiff's claim for declaratory relief should be dismissed.

Third, the declaratory relief claim is unsustainable because, it is procedurally improper to seek declaratory judgment against non-party Bank of America. *See, e.g., Phelps v. Second Judicial*

*Dist. Ct.*, 106 Nev. 917, 918-919, 803 P.2d 1101, 1102 (1990) (court cannot declare alleged rights of [persons] who were not parties to the action before it).

Fourth, the claim must be dismissed because Plaintiff is statutorily barred from asserting misconduct related to the Truth in Lending Act or Nevada's Unfair Lending Practices Act, because he filed this action more than four years after the alleged misconduct purportedly occurred. 15 U.S.C. 1635(f); 1640(e); NRS 11.190(4); *see also* Exhibit D, p. 6 (holding that Plaintiff's TILA claim is statutorily barred by three-year statute of limitations for TILA claims.)

For each of the foregoing reasons, Plaintiff's declaratory relief claim is unsustainable, and the Complaint should be dismissed with prejudice.

### (11) Plaintiff's Rescission Claim Is Unsustainable

This claim for relief is unsustainable and should be dismissed. First, rescission is a remedy, not a claim, and it must be dismissed where, as here, none of the underlying claims for relief has any merit. Second, Plaintiff has not alleged any mutual mistake or any other theory that could justify rescission of the subject Loan. Third, as set forth above, none of Plaintiff's arguments regarding the unenforceability of the Loan or the need for rescission has any merit. (*See* pp. 14-16, *supra*.) Accordingly, Plaintiff's rescission claim must be dismissed with prejudice.

### V. THE LIS PENDENS MUST BE EXPUNGED

Plaintiff recorded a Lis Pendens (Instrument No. 201008050001137) ("Lis Pendens") against the Property on or about August 5, 2010. Because Plaintiff's Complaint is a frivolous attempt to forestall eviction proceedings on the Property, the Complaint should be dismissed with prejudice and the Lis Pendens should be expunged.

NRS 14.015(1) provides that after a lis pendens is filed, the defendant may request and is entitled to a hearing on the matter which must be set "as soon as is practicable, taking precedence over all other civil matters except a motion for a preliminary injunction." At the hearing, the party who recorded the lis pendens must establish, among other things, that the action was not brought in bad faith, that he is able to perform any conditions precedent to the relief sought in the action as it affects the title or possession of the property, and that he is likely to prevail in the action or has a fair chance of prevailing and would suffer greater hardship than the defendant if the lis pendens were expunged and title were transferred. NRS 14.015(2) and (3).

Plaintiff's Lis Pendens should be expunged here because, as set forth above, Plaintiff's Complaint was brought in bad faith, and Plaintiff does not have a likely chance, or even a fair chance, of prevailing on the merits, as required by NRS 14.015(2) and (3). Nor has Plaintiff alleged the ability to cure his undisputed default, a condition precedent to any relief sought. Accordingly, the Lis Pendens must be expunged.

## VI.  CONCLUSION

Plaintiff's Complaint fundamentally fails to state a claim upon which relief can be granted. It is also unsustainable because it is a repeat pleading that attempts to relitigate matters that were already considered and rejected by this Court, and is therefore barred by the doctrine of preclusion. For the reasons set forth herein, and because there are no legally sustainable claims against any of the Defendants, Plaintiff's Complaint should be dismissed with prejudice.

. . .

. . .

Defendants also respectfully request that the Lis Pendens that was recorded against the

Subject Property be cancelled and expunged from the records of the Clark County Nevada Recorder.

DATED this ____ day of September, 2010.

SMITH LARSEN & WIXOM

Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of certain assets and
liabilities of Washington Mutual Bank, F.A. from the FDIC acting as
receiver (improperly named as Long Beach Mortgage Company);
California Reconveyance Company; MERSCORP. Inc.; and
Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___ day of September, 2010, a true copy of the foregoing

**MOTION TO DISMISS COMPLAINT AS AGAINST ALL NAMED DEFENDANTS AND**

**TO EXPUNGE LIS PENDENS** was filed electronically via the court's CM/ECF system and served

electronically or by mail, postage prepaid, to the following:

Charles Anderson
6145 Laredo Street
Las Vegas, NV 89146
meritgroup_1@yahoo.com
Plaintiff in pro per
(Served Via U.S. Mail)

_____
an employee of Smith Larsen & Wixom

SMITH LARSEN & WIXOM
A T T O R N E Y S
HILLS CENTER BUSINESS PARK
1935 VILLAGE CENTER CIRCLE
LAS VEGAS, NEVADA 89134
TEL. (702) 252-5002 • FAX (702) 252-5006