Jay Earl Smith, Esq.
Nevada Bar No. 1182
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax: (702) 252-5006
Email: jes@slwlaw.com
       jtp@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities
of Washington Mutual Bank, F.A. from the FDIC acting as receiver
(improperly named as Long Beach Mortgage Company);
California Reconveyance Company; MERSCORP, Inc.;
and Mortgage Electronic Registration Systems, Inc.

# UNITED STATED DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES ANDERSON, an individual, | |
| Plaintiff, | CASE NO.   2:10-cv-01443-JCM-PAL |
| v. | |
| DEUTSCHE BANK NATIONAL TR CO; LONG BEACH MORTGAGE COMPANY; CALIFORNIA RECONVEYANCE COMPANY; MERSCORP, INC. a Virginia Corporation; MORTGAGE ELECTRONIC SYSTEMS, INC. subsidiary of MERSCORP; Inc., a Delaware corporation; AND DOES 1 individuals to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons and entities unknown claiming any | **OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

| | |
|---|---|
| right, title, estate, lien or interest in the real | ) |
| property, described in the Complaint adverse to | ) |
| Plaintiff's ownership, or any cloud upon | ) |
| Plaintiff's title thereto, | ) |
| | ) |
| Defendants | ) |
| | ) |

Defendants Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank"); JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. ("WAMU") from the FDIC acting as receiver (and improperly named as Long Beach Mortgage Company, an organization that dissolved into WAMU) ("JPMCB"); California Reconveyance Company ("CRC"); MERSCORP, Inc. ("MERSCORP"); and Mortgage Electronic Registration Systems, Inc. (incorrectly named as Mortgage Electronic Systems, Inc.) ("MERS") (collectively, the "Defendants"), by and through their counsel, hereby oppose ("Opposition") the Motion for Preliminary Injunction ("Motion for Preliminary Injunction" or "Plaintiff's Motion") that Plaintiff Charles Anderson ("Plaintiff") filed in state court before this action was removed to federal court.[1] The Opposition is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, the record herein, and any argument that may be presented at any hearing hereon.

. . .

. . .

. . .

. . .

---

[1] While this Opposition may be unnecessary in light of the Motion to Stay, and the fact that Plaintiff has not demonstrated effective service on each of the Defendants, it is filed out of an abundance of caution because Plaintiff recently filed a notice of non-opposition to the motion for injunctive relief (Doc. 13). To the extent the Opposition may be deemed late, for the reasons set forth herein, Defendants respectfully request that the Opposition be duly considered when the Court reviews Plaintiff's Motion for Preliminary Injunction.

# I. INTRODUCTION

For the reasons set forth in Defendants' Motion to Dismiss (Doc. 4), which are incorporated herein, Plaintiff's lawsuit is wholly unfounded and must be dismissed with prejudice. In conjunction with filing the Motion to Dismiss, Defendants filed a motion to stay ("Motion to Stay") (Doc. 7), requesting a stay of all litigation pending the Court's determination with respect to the Motion to Dismiss. In light of the Motion to Stay, the anticipated dismissal of this lawsuit will effectively eliminate Plaintiff's Motion for Injunctive Relief before any additional briefing of, or hearing on, Plaintiff's Motion is required. Nevertheless, to the extent the Court may elect to consider Plaintiff's Motion, it is unsustainable for several reasons, and must be denied.

First, Plaintiff cannot demonstrate a likelihood of success on the merits of any of his claims.

Second, Plaintiff is barred from seeking injunctive relief (an equitable remedy) because, by defaulting on the subject loan, Plaintiff has failed to "do equity."

Third, the balance of equities does not tip in Plaintiff's favor. Indeed, the Motion for Injunctive Relief is little more than a disingenuous attempt to forestall eviction proceedings and preserve the *inequitable* status quo, where Plaintiff continues to enjoy rent-free possession of the subject property, more than a year and a half after he was dispossessed of title to the property by means of a valid and proper foreclosure sale. It would be grossly inequitable to prolong this unfair arrangement.

Finally, fourth, Plaintiff has failed to post a bond sufficient to cover the potential losses here which include both the balance due under the subject loan, and reasonable rental payments already incurred and prospective rental payments owed during any injunction period.

In short, Plaintiff's Motion is unsustainable for multiple reasons and must be denied.

. . .

## II. BACKGROUND

Plaintiff commenced this action by filing a complaint in the Eighth Judicial District Court ("State Court") on July 15, 2010. (*See* Petition for Removal (Doc. 1), Exhibit A.) Plaintiff filed a motion for preliminary injunction on July 20, 2010, and an amended motion for preliminary injunction on August 2, 2010. (*Id.*, Exhibits C and D.) As noted in paragraph 2 of the petition for removal (Doc. 1), Deutsche Bank became aware of the lawsuit on August 9, 2010, and the remaining defendants became aware of the lawsuit on August 11, 2010. The undersigned is not aware of CRC, MERSCORP and MERS ever being served in this action.

On August 25, 2010, Defendants removed the lawsuit to federal court, and Plaintiff's Motion, which was pending in State Court, was effectively taken off calendar. During the next week, Defendants filed a Motion to Dismiss and Motion to Stay. The Motion to Stay requested a stay of all litigation and discovery proceedings, including Plaintiff's Motion for Injunctive Relief, pending a determination on the Motion to Dismiss. Pursuant to the Court's Minute Order dated August 26, 2010 (Doc. 3), the parties have been directed to submit a joint status report by September 28, 2010, setting forth any matters that are currently pending before the Court (including Plaintiff's Motion for Preliminary Injunction) that require attention of, or action by, the Court.

## III. PLAINTIFF'S MOTION SHOULD BE STAYED PENDING THE OUTCOME OF DEFENDANTS' MOTION TO DISMISS

Plaintiff's Motion for Preliminary Injunction, which was filed in State Court, was taken off calendar when this lawsuit was removed to federal court. One week later, Defendants filed a Motion to Dismiss and Motion to Stay all litigation, including Plaintiff's Motion. Plaintiff has not opposed the Motion to Stay or requested that his Motion for Preliminary Injunction be reset for hearing in federal court. While it is anticipated that the Court will revisit the issue of any pending matters upon receipt of the parties' Joint Status Report (due September 28, 2010), Defendants respectfully submit

4

that, pursuant to Defendants' Motion to Stay, Plaintiff's Motion for Preliminary Injunction should be stayed pending the Court's disposition on Defendants' Motion to Dismiss.

### IV. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED

#### A. Standard for Injunctive Relief

On a motion for preliminary injunction, the moving party must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tip in his favor; and (4) a preliminary injunction is in the public's interest. *See Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008); *Am. Trucking Assoc., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). It is also well established that one who seeks equity must first do equity. *See, e.g., In re Gardenhire*, 209 F.3d 1145, 1151 (9th Cir. 2000); *In re Bernard*, 96 F.3d 1279, 1283 (9th Cir. 1996). Finally, injunctive relief is only available upon posting of a security bond. *See* Fed.R.Civ.P. 65(c). Plaintiff's Motion for Preliminary Injunction fails to satisfy all of these elements and, therefore, it must be denied.

#### B. Plaintiff's Motion Should Be Denied Because Plaintiff Cannot Demonstrate a Likelihood of Success on the Merits of His Claims

Plaintiff's Motion for Preliminary Injunction must be denied because Plaintiff cannot demonstrate a likelihood of success on the merits of his claims. As noted in Defendants' motion to dismiss and reply in support thereof, which are incorporated herein, Plaintiff's entire lawsuit is barred by the doctrine of preclusion and each of Plaintiff's claims for relief is substantively unfounded in any event. Because Plaintiff cannot demonstrate a likelihood of success on the merit, his Motion for Preliminary Injunction must be denied.

. . .

. . .

### C. Plaintiff's Motion Should Be Denied Because the Motion Seeks Equitable Relief and Plaintiff Has Failed To Do Equity

Plaintiff's Motion for Preliminary Injunction should be denied because it seeks equitable relief and Plaintiff has failed to do equity. As noted above, it is well-established that one who seeks equity must first do equity. *See, e.g.*, *In re Gardenhire*, 209 F.3d at 1151; *In re Bernard*, 96 F.3d at 1283. By executing the loan documents for the subject loan, Plaintiff consented to their terms, including the terms requiring the borrower to submit monthly loan payments until the loans are paid in full. (*See* Motion to Dismiss (Doc. 4), Exhibit A.) It is undisputed that Plaintiff failed to meet his payment obligations under the subject loan and this default constitutes a failure to do equity. Accordingly, Plaintiff is precluded from seeking equitable relief related to the subject loan and the property that secured the loan, and the Motion for Preliminary Injunction should be denied.

### D. The Motion for Preliminary Injunction Should Be Denied Because, under the Circumstances, the Balance of Equities Does Not Tip in Plaintiff's Favor

The Motion for Preliminary Injunction should also be denied because the balance of equities does not tip in Plaintiff's favor. Indeed, it would be grossly inequitable, under the circumstances, to permit Plaintiff to continue enjoying rent-free possession of the subject property which has belonged to another for more than a year and a half.[2] There is nothing equitable about this unjust situation, and it must be stopped. Accordingly, the Motion for Preliminary Injunction should be denied.

. . .

. . .

. . .

---

[2] Plaintiff was divested of any interest to the subject property when the property was sold at a trustee's sale on February 25, 2009. *See* Trustee's Deed Upon Sale, attached hereto as Exhibit A.

### E. The Motion for Preliminary Injunction Should Also Be Denied Because Plaintiff Has Failed to Post a Security Bond

Fed.R.Civ.P. 65(c) provides, in pertinent part:

> The Court may issue a preliminary injunction or a temporary restraining order ***only*** if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

(Emphasis added.) Plaintiff has failed to demonstrate any ability to post a bond sufficient to cover the potential losses here which include delinquent loan payments and related costs, reasonable rental payments from the date of the foreclosure sale, and prospective rental payments owed during any injunction period. Accordingly, the Motion for Preliminary Injunction should be denied.

## V. PLAINTIFF'S NOTICE OF NON-OPPOSITION IS UNFOUNDED AND SHOULD BE STRICKEN

On September 20, 2010, Plaintiff filed a notice of non-opposition to motion for preliminary injunction pursuant to local rule 7-2(b), (d) ("Notice of Non-Opposition") (Doc. 13). The Notice of Non-Opposition asserts that the Motion for Injunctive Relief was served on Defendants on August 11, 2010, and contends that the motion should be granted because Defendants failed to timely oppose the motion. Plaintiff's Notice of Non-Opposition is unfounded and should be stricken.

Preliminarily, the undersigned is not aware of CRC, MERSCORP or MERS ever having been properly served with the summons and complaint, let alone Plaintiff's Motion for Preliminary Injunction, in this matter. While these defendants acknowledged in the petition for removal that they became aware of the complaint on August 11, 2010, there is a stark difference between awareness

. . .

. . .

. . .

. . .

of the lawsuit and service of process. Absent a showing of service of process, the time to respond for these defendants has not commenced, let alone expired, and Plaintiff's Motion is not yet ripe for adjudication.[3]

Furthermore, the Motion for Preliminary Injunction was taken off calendar when this action was removed to federal court, and Plaintiff has not requested that his motion be put back on calendar before this Court. Accordingly, Plaintiff's Motion is effectively on hold, at least until the Court reviews the parties' anticipated joint status report (due on September 28, 2010), which should set forth all pending matters requiring the court's attention and action.

Finally, Defendants have filed a Motion to Stay, requesting that all litigation be placed on hold pending the Court's disposition on Defendants' Motion to Dismiss. Plaintiff has not opposed the Motion to Stay and his time for doing so has passed. By failing to oppose the Motion to Stay, Plaintiff has effectively consented to granting of the motion. LR 7-2(d). Accordingly, Plaintiff's Motion for Preliminary Injunction is on hold, pending the Court's ruling on Defendants' Motion to Dismiss.

. . .

. . .

. . .

. . .

. . .

. . .

---

[3] If Defendants somehow had a duty to respond to Plaintiff's Motion, they indirectly did so in their Motion to Dismiss (filed almost three weeks before Plaintiff filed his Notice of Non-Opposition), which plainly demonstrates how Plaintiff's complaint has no likelihood of success on the merits.

## VI. CONCLUSION

Plaintiff's Motion for Preliminary Injunction should be stayed for the reasons set forth herein. However, if the Court elects to rule on the motion, it should be denied for several reasons. First, it is unsustainable because Plaintiff cannot demonstrate that he has a likelihood of success on the merits of any of his claims for relief. Second, it should be denied because Plaintiff is precluded from seeking equitable relief because he has defaulted on the subject loan and thereby failed to do equity. Third, under the circumstances, the balance of equities does not tip in Plaintiff's favor. Finally, fourth, the Plaintiff's Motion should be denied because he has failed to demonstrate any ability to post a security bond to protect against potential losses herein. For each of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction should be denied.

DATED this 22 day of September, 2010.

SMITH LARSEN & WIXOM

_/s/ Jay Karl Smith_

Jay Karl Smith, Esq., NBN 1182
Joseph T. Prete, Esq., NBN 9654
Katie M. Weber, Esq., NBN 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
Deutsche Bank National Trust Company, as Trustee;
JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, F.A. from the FDIC acting as receiver (improperly named as Long Beach Mortgage Company); California Reconveyance Company; MERSCORP, Inc.; and Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22 day of September, 2010, a true copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was filed electronically via the court's CM/ECF system and served electronically or by mail, postage prepaid, to the following:

Charles Anderson
6145 Laredo Street
Las Vegas, NV 89146
meritgroup_1@yahoo.com
Plaintiff in pro per
(Served Via U.S. Mail)

_____
an employee of Smith Larsen & Wixom

10

**EXHIBIT - A**

A.P.N. 163-11-507-004

WHEN RECORDED MAIL TO

California Reconveyance Company
PO Box 6200
Northridge, CA 91328-6200

MAIL TAX STATEMENTS TO

Deutsche Bank National Trust Company
7255 Baymeadows Way
Jacksonville, FL 32256
Mail Stop: JAXB2007

```
20090304-0003389
Fee: $16.00     RPTT: $1,142.40
N/C Fee: $25.00
03/04/2009          14:36:59
T20090074231
Requestor:
  FIDELITY NATIONAL DEFAULT SO
Debbie Conway           ADF
Clark County Recorder   Pgs: 4
```

Space above this line for recorder's use only

Title Order No. T870002   Trustee Sale No. 127972NV   Loan No. 0697520922

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
1)   The Grantee herein was the foreclosing beneficiary.
2)   The amount of the unpaid debt together with costs was   $498,790.90
3)   The amount paid by the grantee at the trustee sale was   $224,000.00
4)   The documentary transfer tax is $1,142.40
5)   Said property is in LAS VEGAS

and **CALIFORNIA RECONVEYANCE COMPANY**, (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to, as **Deutsche Bank National Trust Company Trustee for Long Beach Mortgage Loan Trust 2006-3** (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of CLARK, State of Nevada, described as follows: SEE EXHIBIT "A"

RECITALS: This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 02/09/2006 and executed by CHARLES WAYNE ANDERSON JR, AN UNMARRIED MANas Trustor, and Recorded 02/22/2006, Book 20060222, Page , Instrument 0003006 of Official Records of CLARK County, Nevada, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County. All requirements of law regarding the mailing, personal delivery, and publication of copies of the Notice of Default and Election to Sell Under Deed of Trust and of the Notice of Trustee's Sale and the posting of copies of said Notice of Trustee's Sale have been complied with.Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust sold the herein described property at public auction on 02/25/2009.

Title Order No. T870002   **Trustee Sale No. 127972NV**   Loan No. 0697520922

Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $224,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale, in full satisfaction of the indebtedness then secured by said Deed of Trust.

Date: 3/2/09
**CALIFORNIA RECONVEYANCE COMPANY, as Trustee**

_____
KARIME ARIAS, ASSISTANT SECRETARY

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On 3/2/09 before me, SIERRIE HERRADURA, "Notary Public," personally appeared KARIME ARIAS, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature _____ (Seal)
SIERRIE HERRADURA

SIERRIE HERRADURA
Commission # 1792714
Notary Public — California
Los Angeles County
My Comm. Expires Mar 3, 2012

TS#127972NV

EXHIBIT "A"

PARCEL I: THAT PORTION OF THE NORTHEAST QUARTER (NE ¼) OF THE NORTHEAST QUARTER (NE ¼) OF SECTION 11, TOWNSHIP 21 SOUTH, RANGE 60 EAST, MORE PARTICULARLY DESCRIBED AS FOLLOWS: LOT TWO (2) AS SHOWN BY MAP THEREOF ON FILE IN FILE 19 OF PARCEL MAPS, PAGE 33, RECORDED MAY 12, 1978, IN BOOK 886 AS DOCUMENT NO. 845972 IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA. PARCEL II: AN EASEMENT FOR INGRESS AND EGRESS AND INCIDENTAL PURPOSES OVER THAT CERTAIN "PRIVATE DRIVE" AS DELINEATED ON THAT CERTAIN PARCEL MAP MENTIONED IN PARCEL I HEREINABOVE; EXCEPTING THEREFROM THAT PORTION OF THE "PRIVATE DRIVE" LYING WITHIN THE BOUNDARIES OF PARCEL I HEREINABOVE.

**State of Nevada**
**Declaration of Value**

1.  Assessor Parcel Number(s)
    a) 163-11-507-004
    b) _____
    c) _____
    d) _____

2.  Type of Property:
    a) [ ] Vacant Land          b) [X] Single Fam. Res.
    c) [ ] Condo/Twnhse         d) [ ] 2-4 Plex
    e) [ ] Apt. Bldg            f) [ ] Comm'l/Ind'l
    g) [ ] Agricultural         h) [ ] Mobile Home
       [ ] Other

    | For recorders optional use only |
    |---|
    | Document/Instrument #:_____ |
    | Book_____ Page:_____ |
    | Date of Recording:_____ |
    | Notes:_____ |

3.  a. Total Value/Sales Price of Property         $            $224,000.00
    b. Deed in Lieu of Foreclosure Only (value of property)
    c. Transfer Tax Value:                         $            $224,000.00
    d. Real Property Transfer Tax Due              $  1,142.40

4.  If Exemption Claimed:
    a. Transfer Tax Exemption per NRS 375.090, Section _____
    b. Explain Reason for Exemption: _____
       _____

5.  Partial Interest: Percentage being transferred: _____%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS.375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity  Grantor
Signature _____    Capacity  Grantee

| Seller (grantor) Information (required) | Buyer (grantee) Information (required) |
|---|---|
| Print Name: CALIFORNIA RECONVEYANCE COMPANY | Print Name: Deutsche Bank National Trust Company |
| Address: 9200 Oakdale Avenue CA2-4379 | Address: 7255 Baymeadows Way JAXB2007 |
| City: Chatsworth | City: Jacksonville |
| State: CA   Zip: 91311 | State: FL   Zip: 32256 |

**Company/person requesting recording (required if not seller or buyer)**
Print Name: FTVQS                      Escrow # 127972NV
Address: 3220 Elcamino Real
City: Irvine    State: CA    Zip: 72602

AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED