UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES ANDERSON,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TR CO., et al.,

    Defendants.

2:10-CV-1443 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Charles Anderson's motion to remand. (Doc. #8). Defendants California Reconveyance Company, Deutsche Bank National Trust Co., Merscorp, Inc., and Mortgage Electronic Registration Systems, Inc. responded (doc. #12), and plaintiff replied (doc. #17). Also before the court is defendants' motion to dismiss the complaint against all defendants. (Doc. #4). Plaintiff responded (doc. #11), and defendants replied (doc. #14).

Plaintiff's claims stem from the purchase of a residence at 6145 Laredo St., Las Vegas, Nevada 89146 on February 9, 2006, and the loan financing that purchase. (Doc. #1-1, compl., ¶ 1). Plaintiff has listed twelve causes of action in the complaint: (1) violations of unfair lending practices, NRS 598D; (2) deceptive trade practices; (3) wrongful foreclosure; (4) conspiracy to commit fraud and conversion; (5) conspiracy to commit fraud related to the MERS system; (6) inspection and accounting; (7) unjust enrichment; (8) quiet title; (9) breach of good faith and fair dealing; (10) injunctive relief; (11) declaratory relief; and (12) rescission. (Doc. #1-1).

**James C. Mahan**
**U.S. District Judge**

**I.   MOTION TO REMAND (doc. #8)**

Under 28 U.S.C. §1441(b), this court has original jurisdiction over claims that turn on a substantial question of federal law. *Ultramar America, Ltd. v. Dwell,* 900 F.2d 1412, 1414 (9th Cir. 1990). Where a plaintiff claims to rely on a state remedy, but the rights he possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1211–12 (9th Cir. 1980).

Plaintiff's claims arise under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2602, and the Truth in Lending Act (TILA) 15 U.S.C. § 1601. The majority of the claims asserted require the court to determine what information the defendants had a duty to disclose under federal law. Additionally, plaintiff alleges that defendants initiated "predatory foreclosure actions" against plaintiff's residence while he was in loan modification negotiations under the federal Home Affordable Modification Program ("HAMP"). (Doc. #1-1, compl., ¶ 16). Accordingly, the plaintiff cites federal law on the face of the complaint.

As the court has original jurisdiction over claims involving interpretation federal law, the court may adjudicate the entire case, including state law claims, pursuant to the doctrine of supplemental jurisdiction. 28 U.S.C. § 1441(c); 28 U.S.C. §1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Here, plaintiff's claims revolve around allegations of erroneous and misleading disclosures and/or allegations of bad faith and are thus part of the same case or controversy within the meaning of 28 U.S.C. §1367. Therefore, removal was proper.

**II.   MOTION TO DISMISS (doc. #4)**

In September of 2009, the plaintiff filed a complaint ("original lawsuit") against defendants Deutsche Bank, Long Beach Mortgage Company, and others, alleging misconduct in relation to the loan and deed of trust on the same property in dispute here. That complaint asserted claims for quiet title, violations of the Truth in Lending Act, wrongful foreclosure, and rescission of the trustee's sale. On January 27, 2010, defendant Deutsche Bank filed a motion for judgment on the pleadings, seeking dismissal of the lawsuit with prejudice. The Honorable Judge Robert C. Jones of this court granted that motion.

**James C. Mahan**
**U.S. District Judge**

Following dismissal, plaintiff took no further action in the original lawsuit. Instead, approximately three months later, plaintiff filed the instant suit in state court, which revolves around the same factual allegations, but adds several new causes of action and new defendants. Defendants have now requested that the complaint be dismissed either under the doctrine of claim preclusion or for failure to state a claim upon which relief may be granted in accordance with Federal Rule of Civil Procedure 12(b)(6). (Doc. #4).

### A. Claim Preclusion

For the doctrine of claim preclusion to apply, (1) the parties or their privies must be the same, (2) there must be a valid, final judgment, and (3) a subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

Here, Judge Jones' order granting defendants' motion for judgment on the pleadings does not qualify as a final judgment. First, the order did not resolve claims against all defendants; it only resolved claims as to defendants Long Beach Mortgage Loan Trust and Deutsche Bank National Trust Company. *See* FED. R. CIV. P. 54(b) (mandating that the court may direct entry of a final judgment as to fewer than all defendants only if the court expressly determines that there is no just reason for delay). Furthermore, Judge Jones' order did not dismiss the case with prejudice. Accordingly, the motion to dismiss is decided here on the merits.

### B. Merits of the Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

**James C. Mahan**
**U.S. District Judge**

- 3 -

I.       *Claim 1 – Violations of Unfair Lending Practices, NRS 598D*

An action upon statute for penalty or forfeiture has a two-year statute of limitations, unless the statute provides otherwise. NRS 11.190(4)(b). The statute at issue in claim one, NRS 598D, qualifies as a statute for penalty and does not provide a contrary limitations period. Plaintiff states in the complaint that he received the loan on the property on or about February 9, 2006 (doc. #1-1, compl., ¶ 2), and the unfair lending allegations stem from defendants' alleged failure to use a "commercially reasonable means or mechanism that would demonstrate the Plaintiff's capacity to repay. . ." (doc. #1-1, compl., ¶ 30).

Accordingly, the claim arises from acts that occurred during the origination of the loan in February of 2006. Plaintiff filed the instant complaint on August 25, 2010 (doc. #1-1), meaning the claim is time-barred and is dismissed against all defendants.

ii.       *Claim 2 – Deceptive Trade Practices*

Plaintiff's second cause of action alleges that "Defendant engaged in deceptive trade practices by knowingly making false representations to Plaintiffs in violation of NRS 598.0915 and NRS 598.0923." (Doc. #1-1, compl., ¶ 37).

Only subsection fifteen of NRS 598.0915 could plausibly state a claim upon which relief could be granted. All other subsections of NRS 598.0915 apply specifically to goods and/or services. Likewise, NRS 598.0923 does not apply to this case: (1) plaintiff has not alleged, under subsection one, that any defendant has been conducting their business without a required license; (2) subsections two and three apply to the sale or lease of goods or services; (3) plaintiff has not alleged that any defendant, under subsection four, has used coercion, duress or intimidation in a transaction; and (4) no defendant was the seller in a land sale installment contract under subsection five.

Subsection fifteen of NRS 598.0915 makes knowingly making any false representation in a transaction a deceptive trade practice. Here, plaintiff alleges that "the defendants did not furnish plaintiff the correct Notice of Servicing that the loan may be assigned, sold, or transferred to any other person in violation of 12 U.S.C. 2605(a)." (Doc. 1-1, compl., ¶ 40). This claim is barred by the applicable statute of limitations for a claim under the Deceptive Trade Practices Act, which is four

years. NRS 11.190(2)(d). Again, plaintiff's claim arises from the origination of the loan in February of 2006, and the instant action was filed in August of 2010, more than four years later. Accordingly, the second cause of action is dismissed against all defendants.

      iii.  *Claim 3 – Wrongful Foreclosure*

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed. . . . " *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The provisions of NRS Chapter 107 provide the comprehensive, statutory framework governing non-judicial foreclosure sales, and mandate that upon default of the borrower and a failure to cure, non-judicial foreclosure is proper. NRS 107.080(1).

This cause of action is without merit, because the plaintiff defaulted under the loan agreement when he failed to make is mortgage payments. Accordingly, plaintiff cannot allege that no breach of condition or failure of performance existed at the time of the sale, and the third cause of action is dismissed as to all defendants.

      iv.  *Claim 4 – Conspiracy to Commit Fraud and Conversion; Claim 5 – Conspiracy to Commit Fraud Related to the MERS System*

To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, plaintiff makes conclusory allegations of fraud and fails to individualize the defendants' conduct. For example, plaintiff alleges that defendants "formed an association to conspire to deprive Plaintiff of his property through fraud and misrepresentation that would result in Plaintiff entering into loan agreements for which he was ultimately not qualified." (Doc. #1-1, compl., ¶ 51). Merely stating that defendants "formed an association" and engaged in "fraud and misrepresentation" is not sufficient to meet the heightened pleading standard. Accordingly, the fourth

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  and fifth causes of action are dismissed as to all defendants.

2              v.      *Claim 6 – Inspection and Accounting*

3  An action for inspection and accounting will prevail only where the plaintiff can establish

4  that there exists a relationship of special trust between the plaintiff and defendant. *McCurdy v. Wells*

5  *Fargo*, 2010 WL 4102943 (D. Nev. 2010). Absent special circumstances, no such relationship exists

6  between a lender and a borrower. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th

7  Cir. 2007).

8  Plaintiff alleges that "[d]ue to the unfair and deceptive nature of the Plaintiff's loan

9  transaction, the defendants were paid excessive interest and fees . . . Therefore proper discovery and

10 accounting will reveal the 'true realized' status of the account as stated." (Doc. #1-1, compl., ¶ 81).

11 However, plaintiff has failed to allege any special circumstances that would create the requisite

12 fiduciary relationship between him, the borrower, and one or more defendants, as a lender. *See*

13 *McCurdy*, 2010 WL 4102943(dismissing an action for inspection and accounting where plaintiff

14 failed to allege the requisite relationship of trust). Accordingly, the sixth cause of action is dismissed

15 as to all defendants.

16             vi.      *Claim 7 – Unjust Enrichment*

17 Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust

18 retention of money or property of another against fundamental principles of justice or equity and

19 good conscience." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev.

20 1995). However, "an action for unjust enrichment is not available when there is an express, written

21 contract, because no agreement can be implied when there is express agreement." *Leasepartners*

22 *Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

23 Here, the plaintiff's loan documents created the express, written agreement upon which the

24 plaintiff bases a majority of his claims. Accordingly, there can be no agreement implied where there

25 is an express agreement, and claim seven is dismissed as to all defendants.

26             vii.      *Claim 8 – Quiet Title*

27 An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1  over ownership of property or to remove a cloud upon his title to the property. *MacDonald v.*
2  *Krause*, 77 Nev. 312, 317–18 (Nev. 1961). A widely accepted rule in such actions is that the party
3  must tender the undisputed amount due and owing to challenge the validity of the sale. *See, e.g.,*
4  *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he
5  who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).
6      Plaintiff's claim must be dismissed because plaintiff has not done equity; it is undisputed that
7  plaintiff defaulted on his loan. Accordingly, the eighth cause of action is dismissed.
8          viii.    *Claim 9 – Breach of Good Faith and Fair Dealing*
9      To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege:
10  (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good
11  faith to the plaintiff; (3) the defendants breached that duty by preforming in a manner that was
12  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
13  *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and
14  fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251,
15  1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately
16  contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev.
17  1994).
18      Plaintiff alleges that the defendants failed to meet their obligations under the federal HAMP
19  program, and that the failure constitutes a breach of the covenant of good faith and fair dealing.
20  (Doc. #1-1, compl., ¶ 102). However, even if the plaintiff has a private right of action under HAMP,
21  plaintiff has failed to allege any conduct by the defendants which deliberately contravenes the
22  intention and spirit of the agreement between them. In fact, none of plaintiff's allegations stem from
23  the loan agreement between the parties at all; plaintiff's claim is more properly a statutory cause of
24  action. Accordingly, claim nine is dismissed as to all defendants.
25          ix.    *Claims 10, 11, 12 – Injunctive Relief, Declaratory Relief, and Rescission*
26      Injunctive relief, declaratory relief, and rescission are remedies and not causes of action.
27  Whereas defendants' motion to dismiss is granted in its entirety, plaintiff is not entitled to such relief
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  at this juncture. Thus, the tenth, eleventh and twelfth causes of action are therefore dismissed as to
2  all defendants.
3      Accordingly,
4      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's motion to
5  remand (doc. #8) be, and the same hereby is, DENIED.
6      IT IS FURTHER ORDERED that defendants' motion to dismiss (doc. #4) be, an the same
7  hereby is, GRANTED.
8      IT IS FURTHER ORDERED that the case is hereby dismissed without prejudice as to all
9  named defendants.
10     IT IS FURTHER ORDERED that lis pendens is hereby EXPUNGED.
11     DATED October 29, 2010.

_____
**UNITED STATES DISTRICT JUDGE**